Stephen M. Fishback (State Bar No. 191646)
sfishback@kfjlegal.com
Tenny Mirzayan (State Bar No. 233471)
tmirzayan@kfjlegal.com
**KELLER, FISHBACK & JACKSON LLP**
28720 Canwood St., Ste 200
Agoura Hills, CA 91301
Telephone:  818.342.7442
Facsimile:   818.342.7616

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER WILLIAMS; | Case No. |
| Plaintiff, | |
| vs. | **COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES; DEMAND FOR JURY TRIAL** |
| DELTA AIR LINES, INC.; and DOES 1-10; | |
| Defendants. | |

---

**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES**                     Page 1

COMES NOW Plaintiff, CHRISTOPHER WILLIAMS, alleging as follows:

## JURISDICTION AND VENUE

1.     This action is brought pursuant to 28 U.S.C. § 1331 in that the action arises under the provisions of the Convention for the Unification of Certain Rules Relating to International Carriage by Air (hereinafter "Montreal Convention"), an international treaty entered into by the United States. The action is also brought pursuant to U.S.C. § 1332 as there is diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2.     Venue is proper in this Court pursuant to Article 33 of the Montreal Convention.

## PARTIES

3.     At all times herein mentioned Plaintiff CHRISTOPHER WILLIAMS was and is a resident of the County of Los Angeles, California, with a place of residence in Los Angeles, California, USA.

4.     Plaintiff is informed and believes that Defendant DELTA AIRLINES, INC. (hereinafter "DELTA AIRLINES") is a Delaware corporation doing business in the United States with its headquarters in Atlanta, Georgia. Defendant DELTA AIRLINES is and was registered with the California Secretary of State and is and was doing business in this District.  On and before May 9, 2018, Defendant DELTA AIRLINES was a common carrier in the business of transporting passengers for hire

---

**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES**                    Page 2

1   between Los Angeles, California, New York, New York, and Milan, Italy.

2   5.      Defendants, Does 1 through 10, are individuals or entities currently unknown

3   to Plaintiff, who are therefore sued by these fictitious names. Plaintiff is informed

4   and believes and therefore alleges that each of these Doe Defendants was in some

5   manner legally responsible for the events and happenings alleged in this complaint

6   and legally caused the injuries and damages alleged herein. Plaintiff will amend this

7   complaint when the true names and capacities of any Doe becomes known to

8   Plaintiff.

9   6.      At all relevant times herein, Defendants, their aggregates, corporations,

10  subsidiaries, associates, and partners, or otherwise, and each of them, were agents,

11  employees joint venturers and/or engaged in a joint enterprise with each other, and.

12  were acting within the purpose, course and scope, and in furtherance of such

13  partnership, agency, employment, joint venture, and/or joint enterprise.

14  7.      At all relevant times herein, all Defendants and each of them, were fully

15  informed of the actions of their agents and employees, and thereafter no officer,

16  director or managing agent of Defendants repudiated those actions, which failure to

17  repudiate constituted adoption and approval of said actions and that all Defendants,

18  and each of them, by said conduct, or otherwise, ratified those actions.

19  ///

20  ///

**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES**                    Page 3

## COUNT 1

### Action Against Defendant
### DELTA AIRLINES
### (Montreal Convention)

8.      Plaintiff incorporates by reference each of the previous allegations as well as all allegations subsequent to this Count.

9.      At all times herein mentioned, Defendant DELTA AIRLINES was a common carrier for hire engaged in the transportation of passengers in both domestic and international air travel. Defendant DELTA AIRLINES owned, operated, managed, controlled, serviced, maintained, flew, and supervised, through its agents and employees acting in the course and scope of their employment, certain aircraft used as Flight 419 on May 9, 2018 from Milan, Italy, to New York, New York, and employed, instructed, entrusted, and controlled the crew on said aircraft.  As a common carrier, Defendant DELTA AIRLINES owed the highest duty of care to its passengers, including Plaintiff.

10.     On or about April 14, 2018, while living in the State of California, Plaintiff CHRISTOPHER WILLIAMS purchased international airline tickets from Defendant Delta Airlines.

11.     On or about May 9, 2018 Plaintiff CHRISTPOHER J. WILLIAMS was a fare-paying passenger on-board DELTA AIRLINES Flight 419, an international flight from Milan, Italy to New York, New York.

---

**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES**                Page 4

12.     On or about May 9, 2018, Plaintiff CHRISTPOHER J. WILLIAMS suffered shock and injury to his body when he bit on an inedible, hard frozen ice cream dessert served to him inflight by DELTA AIRLINES, and causing his dental bridge to snap and teeth to break, and to sustain permanent bodily injuries, pain, suffering, worry, and anxiety. Plaintiff's injury required surgery, including root canals and cadaver bone grafting in an effort to repair the sustained bodily injuries.

13.     Immediately after Plaintiff's teeth were broken by the excessively hardened frozen dessert, Plaintiff notified a flight attendant of Defendant DELTA AIRLINES of the accident.  The flight attendant responded by laughing at Plaintiff and acknowledging that the frozen desserts are excessively hard.

14.     Prior to and at the time of the accident as previously described, Defendant DELTA AIRLINES, through its agents and employees, negligently and carelessly-owned, operated, managed, controlled, serviced, maintained, flew and supervised said aircraft, and hired, trained and supervised the flight and cabin crew, thereby proximately causing said accident.

15.     Defendant DELTA AIRLINES knowingly, negligently, recklessly, willfully, tortiously and/or carelessly, failed to protect the safety of its passengers, including Plaintiff CHRISTOPHER WILLIAMS.  As a direct and proximate result of the conduct of Defendant DELTA AIRLINES, and those employees and agents acting on its behalf, Plaintiff sustained injuries while a· passenger on said flight as the

result of an "accident" within the meaning of the Montreal Convention.

16.    Defendant DELTA AIRLINES knowingly, negligently, recklessly, willfully, tortiously and/or carelessly failed to adequately train and/or supervise its agents, servants and/or employees in proper protocol of passenger food service, health and safety, and customer relations, and violated their own rules, guidelines and policies.

17.    As a proximate result thereof this Plaintiff sustained permanent bodily injuries, and has had and in the future will have pain, suffering, worry, and anxiety, all to Plaintiff's general damages in an amount within the jurisdiction of the Court.

18.    As a proximate result thereof, this Plaintiff incurred and in the future will incur medical and related expenses all to Plaintiff's damage in such amount as will be proven at trial.

19.    As a proximate result thereof, this Plaintiff has and in the future will lose the ability to do Plaintiff's usual work, and has and will have lost earning capacity all to Plaintiff's damage in such amount as will be proven at trial.

20.    As a proximate result thereof Plaintiff has lost the use of and interest in the money owed to Plaintiff from the date of the incident to judgment as follows:

      a.    On the medical expenses incurred to judgment;

      b.    On the loss of earnings to judgment.

21.    The Montreal Convention, formally entitled the Convention for the Unification of Certain Rules for International Carriage by air, sets forth the liability

**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES**          Page 6

and compensation owed by airlines for the injury and death of a passenger. Under

Article 21(2), Plaintiffs are entitled to provable damages in excess of 113,100

Special Drawing Rights ("SDR") due to the negligence, carelessness, gross

negligence and/or recklessness of Defendants, its agents and/or its servants, as

herein set forth.

## COUNT 2

**Action against Defendants
DELTA AIRLINES and DOES 1 through 10, Inclusive
(NEGLIGENCE/STRICT LIABILITY)**

22.     Plaintiff incorporates by reference each of the previous allegations as well as

all allegations subsequent to this Count.

23.     At all times herein mentioned, Defendant DELTA AIRLINES was a common

carrier for hire engaged in the air transportation of passengers. Defendant DELTA

AIRLINES owned, operated, managed, controlled, serviced, maintained, flew, and

supervised, through its agents and employees acting in the course and scope of their

employment; certain aircraft used as Flight 419 on May 9, 2018 from Milan, Italy,

to New York, New York, and employed, instructed, entrusted, and controlled the

crew on said aircraft.

24.     Prior to and at the time of the accident as previously described, Defendant

DELTA AIRLINES, through its agents and employees, negligently and carelessly

owned, operated, managed, controlled, serviced, maintained and flew and operated

**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES**          Page 7

said aircraft, and hired, trained and supervised the flight and cabin crew, thereby proximately causing Plaintiff's teeth to break on a frozen dessert served to him inflight by Defendant DELTA AIRLINES, and causing him to sustain permanent bodily injuries, pain, suffering, worry, and anxiety.

25.    Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10 are, and at all relevant times herein, food and food service providers for airlines including Defendant DELTA AIRLINES, and that Defendants DOES 1 through 10 contracted with DELTA AIRLINES to provide the food, including the frozen dessert served to PLAINTIFF by DELTA AIRLINES, and did, in fact, provide such food to DELTA AIRLINES.

26.    At all relevant times herein, Defendants, and each of them, knew or should have known that their acts and omissions,  and failure to follow industry, national and/or international standards with regard to security, health, safety, and customer relations created a foreseeable risk of grave, permanent and/or debilitating injuries to passengers, including Plaintiff CHRISTOPHER WILLIAMS.

27.    Under Articles 17 and 21(a) of the Montreal Convention, Defendant DELTA AIRLINES is strictly liable to Plaintiff for provable damages of up to 113,100 SDRs, which equates to a dollar amount in excess of the jurisdictional minimum of this Court.

28.    As a proximate result thereof this Plaintiff sustained permanent bodily

injuries, and has had and in the future will have pain, suffering, worry, and anxiety, all to Plaintiff's general damages in an amount within the jurisdiction of the Court.

29.     In addition, under Article 21 (2) of the Montreal Convention, due to the negligence, carelessness, gross negligence, and or recklessness herein described and the injuries and damages attendant thereto, Plaintiff seeks damages in excess of 113,100 SDR's, according to proof at the time of trial.

30.     As a proximate result thereof, this Plaintiff incurred and in the future will incur medical and related expenses all to Plaintiff's damage in such amount as will be proven at trial.

31.     As a proximate result thereof, this Plaintiff has and in the future will lose the ability to do Plaintiff's usual work, and has and will have lost earning capacity all to Plaintiff's damage in such amount as will be proven at trial.

32.     As a proximate result thereof plaintiff has lost the use of and interest in the money owed to Plaintiff from the date of the incident to judgment as follows:

        a.      On the medical expenses incurred to judgment;

        b.      On the loss of earnings to judgment.

## COUNT 3

**Action against Defendant**
**DELTA AIRLINES and DOES 1 through 10, Inclusive**
**(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)**

33.    Plaintiff, by this reference, incorporates the allegations contained in the First, Second, and Third Counts as though fully set forth herein.

34.    Plaintiff suffered and continues to suffer severe bodily injury as a direct and proximate result of Defendants' conduct for which Defendants, and each of them, are liable.

35.    Plaintiff suffers and continues to suffer serious emotional distress, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame from a fear that he will suffer further injury and disfigurement and that he will be unable to make a living in his profession as an actor, voiceover performer, and celebrity, whose  physical appearance and ability to speak, sing, whistle, smile, and be camera-ready is a requirement in order to make a living

36.    As a direct and proximate result of the negligent conduct of the Defendants, their "alternate entities," and each of them, as aforesaid, Plaintiff's physical injury including broken teeth have caused Plaintiff to suffer serious emotional distress. Such conduct of Defendants, their "alternate entities," and each of them, was a substantial factor in causing Plaintiff's serious emotional distress.


        WHEREFORE, Plaintiff CHRISTPOHER J. WILLIAMS prays judgment as against Defendant DELTA AIRLINES and Defendants DOES 1 through 10, as follows:

---

**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES**                Page 10

As to Count 1 against DELTA AIRLINES:

     1.    For general damages in an amount according to proof;

     2.    For medical and related expenses according to proof;

     3.    For loss of earnings and earnings capacity according to proof;

     4.    For prejudgment interest on such items as is permitted by law;

     5.    For costs of suit incurred herein; and

     6.    For such other and further relief as this court may deem just and proper.

As to Count 2 against DELTA AIRLINES and DOES 1 through 10:

     1.    For general damages in an amount according to proof;

     2.    For medical and related expenses according to proof;

     3.    For loss of earnings and earnings capacity according to proof;

     4.    For prejudgment interest on such items as is permitted by law;

     5.    For costs of suit incurred herein; and

     6.    For such other and further relief as this court may deem just and proper.

As to Count 3 against DELTA AIRLINES and DOES 1 through 10:

     1.    For general damages in an amount according to proof;

     2.    For medical and related expenses according to proof;

     3.    For loss of earnings and earnings capacity according to proof;

     4.    For prejudgment interest on such items as is permitted by law;

     5.    For costs of suit incurred herein; and

6.      For such other and further relief as this court may deem just and proper.

As to Count 4:

1.      For general damages in an amount according to proof;

2.      For medical and related expenses according to proof;

3.      For loss of earnings and earnings capacity according to proof;

4.      For prejudgment interest on such items as is permitted by law;

5.      For costs of suit incurred herein; and

6.      For such other and further relief as this court may deem just and proper.

Dated:  May 7, 2020                          **KELLER, FISHBACK & JACKSON LLP**

By: _/s/Tenny Mirzayan_____
Tenny Mirzayan (State Bar No. 233471)
28720 Canwood St., Ste 200
Agoura Hills, CA 91301
Phone: 818.342.7442
Attorney for Plaintiff
Email: sfishback@kfjlegal.com
Email: dkeller@kfjlegal.com
Email: tmirzayan@kfjlegal.com

///

///

///

///

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues and causes of action.

Dated:  May 7, 2020                     **KELLER, FISHBACK & JACKSON LLP**

By:  /s/Tenny Mirzayan_____
Tenny Mirzayan (State Bar No. 233471)
28720 Canwood St., Ste 200
Agoura Hills, CA 91301
Phone: 818.342.7442
Attorney for Plaintiff
Email: sfishback@kfjlegal.com
Email: dkeller@kfjlegal.com
Email: tmirzayan@kfjlegal.com

---

**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES**                     Page 13